IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH S. TRAMAGLINO, V-75636,

    Plaintiff(s),

v.

B. BURKHARDT, et al.,

    Defendant(s).

No. C 10-4619 CRB (PR)

ORDER OF SERVICE

    Plaintiff, a prisoner at High Desert State Prison (HBSP), has filed a pro se First Amended Complaint (FAC) for damages under 42 U.S.C. § 1983 alleging various violations of his federal rights while he was incarcerated at Salinas Valley State Prison (SVSP).

## DISCUSSION

A.    Standard of Review

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

While at SVSP, plaintiff filed an inmate appeal requesting that Inmate Dennis Peterson, a former cell mate of his at Pleasant Valley State Prison (PVSP), be listed on plaintiff's enemy list because Peterson had threatened to kill him if they crossed paths at another prison.  Plaintiff alleges that defendants Does 1, 2 and 3 interviewed him and convinced him to withdraw the appeal because they would make sure that Peterson was listed on plaintiff's enemy list. But according to plaintiff, Does 1, 2 and 3 instead placed plaintiff's life in danger by failing to list Peterson as an enemy of plaintiff's.

Plaintiff's allegations may state a claim for damages under § 1983 for deliberate indifference to his safety needs against Does 1, 2 and 3.  But in order to do so, plaintiff must first identify the Doe defendants and amend his complaint to name them and allege, if possible, facts showing that they were deliberately indifferent to his safety needs because they knew of and disregarded an excessive risk to plaintiff's safety.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994) (prison official can be liable under 8th Amendment if he knows of and disregards an excessive risk to inmate health or safety).  Plaintiff will be afforded 30 days to identify the Doe defendants and amend, if possible.

Plaintiff alleges that Correctional Counselor B. Burkhardt improperly advised him that he could not transfer to Mule Creek State Prison (MCSP) to be closer to his mother because plaintiff was in the mental health program (CCCMF)

and MCSP does not accept CCCMF inmates.  According to plaintiff, this caused him to give up his CCCMF status unnecessarily.  Although regrettable, Burkhardt's misadvisement is not actionable under § 1983 because it did not prevent plaintiff from seeking mental heath care other than thru CCCMF or from seeking to be reenlisted in CCCMF.  That he was misled into giving up his CCCMF status unnecessarily is not enough to state an Eighth Amendment claim for deliberate indifference to serious medical needs.  See id.

Plaintiff alleges that Correctional Counselors B. Burkhardt and A. Williams improperly increased his classification score by 28 points, causing him to be ineligible for a transfer to MCSP to be closer to his mother.  But unfortunately for plaintiff, these allegations fail to state a claim under § 1983 because misclassification does not inflict pain so as to amount to cruel and unusual punishment violative of the Eighth Amendment.  See Hoptowit v. Ray, 682 F.2d 1237, 1255-56 (9th Cir. 1982).  Nor does misclassification amount to "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" in this case.  Sandin v. Conner, 515 U.S. 472, 484 (1995).  That plaintiff was not able to transfer to be closer to his elderly mother does not compel a different result.  See Olim v. Wakinekona, 461 U.S. 238, 247 (1983) (assigning an inmate to a prison far from his family and friends, and the like, are not constitutionally protected interests); Davis v. Carlson, 837 F.2d 1318, 1319 (5th Cir. 1988) (no right to transfer to prison near wife).

But liberally construed, plaintiff's allegations that Burkhardt's and Williams' misclassification and other interference with his attempts to transfer to MCSP were in retaliation for his filing inmate grievances state a cognizable § 1983 damages claim for retaliation against Burkhardt and Williams.  See Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005) (prisoner may not be retaliated

3

against for using inmate appeals process). So do plaintiff's allegations that Burkhardt, Williams and Captain R. Binkele further retaliated against plaintiff for his filing inmate grievances by falsely charging him with disciplinary rule violations. See id.

Warden A. Hedgpeth is dismissed because plaintiff's allegations against him do not amount to more than claim for damages under the theory that he is liable for the actions of his employees and it well established that there is no liability under § 1983 under such a theory. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the FAC in this matter, all attachments thereto, and copies of this order on the following defendants at SVSP: B. Burkhart (correctional counselor), A. Williams (correctional counselor) and R. Binkele (correctional captain). The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by

1 summary judgment or other dispositive motion, they shall so inform the court
2 prior to the date their motion is due.  All papers filed with the court shall be
3 served promptly on plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

    c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

  Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in

your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

       d.    Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

       e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

3.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

4.    All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: May 20, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.10\Tramaglino, J1.serve.wpd